## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

VERNON L. OWEN

          Plaintiff,

   -v-

HELVEY & ASSOCIATES, INC.

          Defendant.

CASE NO.: 1:18-cv-00280

JUDGE:

COMPLAINT
JURY TRIAL DEMANDED

Plaintiff, Vernon L. Owen, for his complaint against Helvey & Associates Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Indiana.

<u>**PARTIES**</u>

4.   Plaintiff, Vernon L. Owen ("Mr. Owen"), is a natural adult person residing in Fort Wayne, Indiana, which lies within the Northern District of Indiana.

5.   Mr. Owen is a "consumer" as defined by § 1692a(3) of the FDCPA.

6.   Mr. Owen is a "person" as defined by I.C. 24-5-0.5-2(a)(2) of the IDCSA.

7.   Defendant, Helvey & Associates Inc., is an Indiana corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8.   On its website and correspondences, Defendant identifies itself as a debt collector.[1]

9.   Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10.   Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

<u>**FACTS SUPPORTING CAUSES OF ACTION**</u>

11.   Due to his ongoing medical conditions, Mr. Owen regularly seeks treatment from medical providers and has accumulated numerous debts, some of which remain outstanding.

12.   Mr. Owen owed one such medical debt to *Parkview Health Physicians*, for services it rendered to him (the "Subject Debt").

13.   Following the default, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

14.   On or around May 29, 2018, Defendant mailed a dunning correspondence to Mr. Owen attempting to collect the Subject Debt.  A copy of the correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

---

[1]  *See* http://www.hlv.com.

15.   The Collection Letter was the initial communication Mr. Owen received from Defendant concerning the Subject Debt.

16.   As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, disclosed by Defendant to Mr. Owen pursuant to 15 U.S.C. § 1692g (the "G-Notice").

17.   Despite containing the G-Notice, the Collection Letter demanded immediate payment from Mr. Owen by stating, in relevant part:

> "Your account has been placed with us for collection.   The total balance due as of the date of this letter is stated to the left.  Maybe you did not intend to overlook this bill but it is due in full.  Pay in full to our office using any of the payment options below." *See* Exhibit A.

18.   In addition, a detachable payment coupon was included with the Collection Letter, forming the bottom portion of the letter, and an envelope was enclosed with the Collection Letter for Mr. Owen to mail his payment.  *See* Exhibit A.

19.   Defendant's demand for immediate payment from Mr. Owen within the Collection Letter overshadowed its disclosure of the G-Notice to him.

20.   The Collection Letter also indicated that Mr. Owen could go to Defendant's website at any time to make a payment via credit card.  *See* Exhibit A.

21.   On or around August 6, 2018, in response to receiving the Collection Letter, Mr. Owen accessed Defendant's online portal to make a payment on the Subject Debt but became confused when the payment prompt indicated that Defendant was entitled to collect a $7.00 "processing fee" if Mr. Owen chose to make a payment via credit card (the "Processing Fee").  A screenshot of Defendant's online payment portal is attached to this complaint as Exhibit B.

22.   The Processing Fee is not expressly authorized pursuant to any underlying contract between Mr. Owen and *Parkview Health Physicians*.

3

23.   The Processing Fee constitutes a false, deceptive and/or misleading representation to the extent it implied that Defendant could legally collect this fee.

## DAMAGES

24.   Mr. Owen was misled by Defendant's collection activity.

25.   Mr. Owen justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

26.   Due to Defendant's conduct, Mr. Owen was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

27.   After a reasonable time to conduct discovery, Mr. Owen believes he can prove that all actions taken by Defendant as described herein were taken willfully and/or with knowledge that its actions were taken in violation of the law.

28.   Due to Defendant's conduct, Mr. Owen is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(10), f, and f(1)*

29.   All prior paragraphs are incorporated into this count by reference.

30.   The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to

4

collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

31.   Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f and f(1) in representing that Plaintiff would be charged a Processing Fee if he chose to pay via credit card using Defendant's online portal. Defendant's charging of a Processing Fee is not authorized per agreement or otherwise, and therefore, Defendant was not legally entitled to collect it from Plaintiff. For Defendant to represent otherwise, as seen on the online portal, constitutes a false, deceptive and/or misleading representation to the extent it implied that Defendant could legally collect the Processing Fee from Plaintiff.

32.   As an experienced debt collector, Defendant knows that its representations to consumers concerning the alleged debt owed and the consumer's rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

33.   As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the Collection Letter and the online portal in relation to the Processing Fee.

34.   As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## COUNT II
### VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
#### *I.C. 24-5-0.5-3(a) and (b)(20)*

35.   All prior paragraphs are incorporated into this count by reference.

36.  The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

37.  Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

38.  Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. 24-5-0.5-3(a) and (b)(20), by, *inter alia*: (i) representing that Plaintiff would owe a Processing Fee if he chose to pay via credit card through Defendant's online portal; (ii) the inconsistency of the amount owed in correlation to the amount listed in the Collection Letter versus the online portal; and (iii) failing to properly notify Plaintiff of his rights to dispute the Subject Debt.

39.  Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights. As

such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

40.   As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

41.   Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Vernon L. Owen, respectfully requests that this Court enter judgment in his favor as follows:

A.  Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. 24-5-0.5-4(a)(1)(2);

B.  Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.  Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E.  Awarding Plaintiff any other relief as this Court deems just and appropriate.


DATED this 7th day of September, 2018.          Respectfully Submitted,


 */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

7

## **JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

>  */s/ Geoff B. McCarrell*
> Geoff B. McCarrell #0086427
> CONSUMER LAW PARTNERS, LLC